**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(Philadelphia)**

| | |
|---|---|
| IN RE:<br><br>Genene Geddes,<br><br>            Debtor.<br><br>NewRez LLC d/b/a Shellpoint Mortgage Servicing<br><br>            Creditor/Movant.<br><br>v.<br><br>Kenneth E. West<br><br>            Respondent. | CHAPTER 13<br><br>CASE NO.: 24-10188-djb<br><br>HEARING DATE: April 24, 2025<br><br>TIME: 11:00 am |

## RESPONSE TO OBJECTION TO PROOF OF CLAIM NO. 8

**COMES NOW** NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") and responds to the Debtor's Objection to Proof of Claim No. 8 as follows:

1. On March 29, 2024, Shellpoint timely filed Proof of Claim No. 8 ("Claim") in the amount of $302,954.85. *See* Claims Register 8.

2. On February 1, 2025, Debtor filed the Objection to Proof of Claim No. 8 (Doc 47), alleging that the Proof of Claim should not be allowed as the "amount necessary to cure any default as of the date of the petition" was listed on the Proof of Claim as "$302,954.85" as a "Total Debt Claim."

3. As of January 19, 2024 (the "Petition Date"), the date that the instant bankruptcy was filed, a Sheriff's Sale (the "Sale") for the property located at 39 W Wyncliffe Avenue, Clifton Heights, PA 19018 (the "Property") had been completed and the Property was sold back to Shellpoint.

4. The Claim was therefore properly prepared and filed as a Total Debt Claim.

5. Shellpoint was subsequently notified that there had been a delay in filing the bankruptcy case due to an emergent health issue experienced by Debtor's counsel, leading to the case not being filed before the Sale. In consideration of the aforesaid events, Shellpoint moved to rescind the Sale.

6. In July 2024, rescission of the Sale was completed. As such, Secured Creditor does not object to its Claim being paid as a standard arrearage claim and intends to file an Amended Proof of Claim to reflect the pre-petition arrearage amounts of approximately $81,062.11 due as of the Petition Date.

7. Accordingly, this Claim should not be stricken or disallowed but permitted to be amended as set forth hereinabove.

## STANDARD OF REVIEW

8. A claim or interest, proof of which is filed under section 501 of Title 11 of the United States Code, is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). If an objection is filed, a hearing is held by the Court to determine whether the claim should be allowed or disallowed and the amount of the claim. In Re Lamberth Corp., 227 B.R. 1, 9 (B.A.P. 1st Cir. 1998).

9. During the claims allowance process, the burden shifts between the parties. Initially, a creditor bears the burden of establishing its claim. Fed. R. Bankr. P. 3001(f). Once a creditor properly executes and files a proof of claim in accordance with Federal Rules of Bankruptcy Procedure, its proof of claim is considered "prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f); Juniper Dev. Group v Kahn (In Re Hemingway Transport, Inc.), 993 F.2d 915, 925 (1st Cir. 1993); In re Melillo, 392 B.R. 1, 6 (B.A.P. 1st Cir. 2008).

10. A properly filed proof of claim is prima facie evidence of validity and amount of claim and, to overcome this prima facie effect, the objecting party must bring forward evidence equal in probative force to that underlying proof of claim; only then is ultimate burden of persuasion with proponent of proof of claim. In re Tracey, 394 B.R. 635, 639 (B.A.P. 1st Cir. 2008); In re LaFata, 483 F.3d 13, 23 (1st Cir. 2007); In Re MacPherson, 254 B.R. 302, 305 fn. 3 (B.A.P. 1st Cir. 2000), quoting In Re Hemingway Transport, Inc., supra at 925.

11. If a party objects to the claim, the objecting party carries the burden of going forward with evidence to overcome the prima facie validity and the amount of the claim. In Re Plourde, 418 B.R. 495, 504 (B.A.P. 1st Cir 2009), citing In Re Long, 353 B.R. 1, 13 (Bankr. D. Mass. 2006) and United States v. Clifford (In Re Clifford), 255 B.R. 258, 262 (D. Mass. 2000). If the objecting party produces evidence to refute at least one of the allegations essential to the claim's legal sufficiency, the burden of persuasion shifts back to the claimant. Id. quoting In Re Organogenesis, Inc, 316 B.R. 574, 583 (Bankr. D. Mass 2004).

## ARGUMENT

12. The Claim was filed in accordance with the Federal Rules of Bankruptcy Procedure and, therefore, constitutes prima facie evidence of the validity of the Claim. Fed. R. Bankr. P. 3001. The claim specifically included the relevant Note, Mortgage and Assignments which provide proof of a valid security interest.

13. In the interests of equity and with the cooperation and consent of Shellpoint, the Sale was rescinded, and Debtor returned to her status quo ownership of the Property.

14. Likewise, Shellpoint asserts that in the interests of equity and as a result of the consented rescission of the Sale, it should be permitted to file an Amended Proof of Claim reflecting the pre-petition arrearage amounts due as of the Petition Date.

**WHEREFORE**, NewRez LLC d/b/a Shellpoint Mortgage Servicing requests this Court to enter an order denying the Debtor's Objection to Claim 8, permitting the filing of an Amended Proof of Claim, and for such other and further relief as the Court deems just.

/s/ **Andrew L. Unterlack, Esquire**
Andrew L. Unterlack, Esquire
Attorney ID No. 94166
**HILL WALLACK, LLP**
1415 Route 70 East, Suite 309
Cherry Hill, New Jersey 08034
Phone - (856) 616-8086
Email – aunterlack@hillwallack.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**(Philadelphia)**

| | |
|---|---|
| IN RE: <br><br> Genene Geddes, <br><br>          Debtor. <br><br> NewRez LLC d/b/a Shellpoint Mortgage Servicing <br><br>          Creditor/Movant. <br><br> v. <br><br> Kenneth E. West <br><br>          Respondent. | CHAPTER 13 <br><br> CASE NO.: 24-10188-djb <br><br> HEARING DATE: April 24, 2025 <br><br> TIME: 11:00 am |

**ORDER**

      **AND NOW,** this 24th day of April, 2025, upon consideration of the Debtor's Objection to Claim, and the objection of NewRez LLC d/b/a Shellpoint Mortgage Servicing, and after hearing, it is hereby:

**ORDERED** Objection to Proof of Claim 11-1 is denied.

                                                      **BY THE COURT:**

                                                      _____
                                                      **Hon. Derek J. Baker**
                                                      **U.S. BANKRUPTCY JUDGE**

| | |
|---|---|
| Genene Geddes <br> 39 West Wyncliffe Avenue <br> Clifton Heights, PA 19018 <br> **Debtor** <br> **VIA REGULAR MAIL** | KENNETH E. WEST <br> Office of the Chapter 13 Standing Trustee <br> 190 N. Independence Mall West, Suite 701 <br> Philadelphia, PA 19106 <br> **Chapter 13 Trustee** <br> **VIA ECF** |
| TIMOTHY ZEARFOSS <br> Law Office of Timothy Zearfoss <br> 1601 Spring Garden Street, Unit G117 <br> Philadelphia, PA 19130 <br> **Counsel to Debtor** <br> **VIA ECF** | United States Trustee <br> Office of United States Trustee <br> Robert N.C. Nix Federal Building <br> 900 Market Street, Suite 320 <br> Philadelphia, PA 19107 <br> **U.S. Trustee** <br> **VIA ECF** |

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### (Philadelphia)

| | |
|---|---|
| IN RE:<br><br>Genene Geddes,<br><br>        Debtor.<br><br>NewRez LLC d/b/a Shellpoint Mortgage Servicing<br><br>        Creditor/Movant.<br><br>v.<br><br>Kenneth E. West<br><br>        Respondent. | CHAPTER 13<br><br>CASE NO.: 24-10188-djb<br><br>HEARING DATE: April 24, 2025<br><br>TIME: 11:00 am |

**CERTIFICATE OF SERVICE OF RESPONSE TO OBJECTION TO PROOF OF CLAIM #8**

      I certify under penalty of perjury that I served or caused to be served the above-captioned pleading, Response to Objection to Proof of Claim #8, on the parties below via First-Class Mail and Electronic Notification on April 23, 2025.

| | |
|---|---|
| Genene Geddes<br>39 West Wyncliffe Avenue<br>Clifton Heights, PA 19018<br>**Debtor**<br>**VIA REGULAR MAIL** | KENNETH E. WEST<br>Office of the Chapter 13 Standing Trustee<br>190 N. Independence Mall West, Suite 701<br>Philadelphia, PA 19106<br>**Chapter 13 Trustee**<br>**VIA ECF** |
| TIMOTHY ZEARFOSS<br>Law Office of Timothy Zearfoss<br>1601 Spring Garden Street, Unit G117<br>Philadelphia, PA 19130<br>**Counsel to Debtor**<br>**VIA ECF** | United States Trustee<br>Office of United States Trustee<br>Robert N.C. Nix Federal Building<br>900 Market Street, Suite 320<br>Philadelphia, PA 19107<br>**U.S. Trustee**<br>**VIA ECF** |

      Respectfully submitted,

      **/s/ Andrew L. Unterlack, Esquire**
      Andrew L. Unterlack, Esquire
      Attorney ID No. 94166
      **HILL WALLACK, LLP**
      1415 Route 70 East, Suite 309
      Cherry Hill, New Jersey 08034
      Phone - (856) 616-8086
      Email – aunterlack@hillwallack.com